IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-10746
Summary Calendar

GERALD O.  BAILEY; BRIDWELL OIL COMPANY,

Plaintiffs-Appellants,

versus

SHELL WESTERN, E&P, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No.  CA 3-97-CV-0518-R

January 27, 1999

Before KING, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Plaintiffs-appellants Gerald O. Bailey and Bridwell Oil Co. (together "appellants") appeal the district court's decisions granting partial summary judgment against appellants, and dismissing their remaining state claims without prejudice. Appellants' claims arise out of a dispute between the two sets of parties regarding an alleged underpayment of royalties. Appellants filed suit in federal court, and, among its several state law claims, it set forth a federal tax misreporting claim premised on 26 U.S.C. § 7434. The district court granted summary judgment on the appellants' federal cause of action on the ground that this statute did not create a cause of action for the reporting of allegedly improperly calculated royalty payments. Rather, the district court found, the statute only

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

encompasses filings which claim an amount of royalties which differ from the amount actually paid. After making this ruling disposing of the only federal claim presented in the case, the district court declined to find supplemental jurisdiction over the remaining state law claims.

No authority need be cited for the fact that we review a summary judgment *de novo*, applying the same test as does the district court. Such judgment is proper if the summary judgment record shows that there is no material fact issue and that the movant is entitled to a judgment as a matter of law. FED. R. CIV. P.56. In addition, we review the refusal to exercise supplemental jurisdiction for abuse of discretion. See, e.g., Metropolitan Wholesale Supply, Inc., v. M/V Royal Rainbow, 12 F.3d 58, 61 (5th Cir. 1994).

Having considered the briefs and record presented on appeal, we conclude that both of the district court's decisions were proper, essentially for the reasons stated in its succinct and well written opinion. See Bailey v. Shell Western E&P, Inc., No. CA 3-97-CV-0518-R (N.D. Texas April 14, 1998).

AFFIRMED